Caruthers, J.,
delivered the opinion of the Court.
This is a motion against the sheriff of DeKalb county and his sureties, for failure to return an execution issued and placed in the hands of his deputy, within thirty days. The fact is admitted, but attempted to be excused on the ground of consent on the part of the plaintiff. The Circuit Court refused the motion.
The fact seems to be, that, as to the execution against Perkins, after the levy upon property, upon the application of the officer and the defendant, upon reasons stated by them, Koger consented, in effect, that the sale should not be then made. His words were, as proved, that “ he reckoned it would be best to hold on, or hold up, but to hold on to the property and not let it be taken by other executions.” There was nothing said about not returning the execution, or holding it up.
This was sufficient to excuse a sale at the time, but not the return of the execution within the thirty days prescribed by the statute.
It is true, as decided in Robinson v. Harrison, 7 Hum., 189, that an officer will not be liable for a neglect of this duty, where he acts under the directions or consent of the plaintiff; but this is not a case of that sort. The plaintiff gave no order or consent on the subject. He had reference only to the time and manner of sale, and said nothing about the execution or its re *379 turn. The property was Tested in the officer by the levy, and be could have sold as well without, as with the execution. The retention of the execution was not necessary for that purpose. He did not need an alias, or order of sale.
The act giving this remedy by motion is very penal and severe, but its enforcement is required by public policy. Officers should conform to this requirement, to return executions promptly, so that all concerned may know how they have performed their duties.
Reversed, and judgment here upon the motion.